## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY PAVLIC, )
)
)
Petitioner, )
)
v. )
DISTRICT ATTORNEY OF )
WASHINGTON COUNTY, )
PENNSYLVANIA and THE )
ATTORNEY GENERAL OF THE )
STATE OF PENNSYLVANIA, )
)

Civil Action No. 11-672
Judge Terrence F. McVerry
Magistrate Judge Lisa Pupo
Lenihan

ECF No. 11

Respondents.

## **MEMORANDUM ORDER**

The Petitioner has moved for the appointment of counsel to assist him in

prosecuting his Petition for Writ of Habeas Corpus. Petitioner also included in this

document a "Motion for Reduced Pagination" in which he states that he "be able to file

in his own behalf, with reduced pagination". Any document Petitioner sends to the Clerk

will be filed by the Clerk of Court. The Court is at a loss to understand what Petitioner

wants when he requests "reduced pagination".

Regarding the request for counsel, there is no federal right to habeas corpus

counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)("[the Supreme Court] had

never held that prisoners have a constitutional right to counsel when mounting collateral

attacks upon their convictions"). The right to counsel in a non-capital case extends only

through trial and the first appeal as of right. McClesky v. Zant, 499 U.S. 467, 495

(1991).

It is extremely difficult to locate counsel who are trained in this area of law and willing to accept these cases on a pro bono basis. Except in those habeas corpus cases where an evidentiary hearing is required, and not until that time, is the appointment of counsel required. See Rules Governing Section 2254 Cases, Rule 8 (c). Prior to such occurrence, the appointment of counsel is discretionary when it is in the interest of justice to do so. Id.

Factors the court is to consider in determining whether counsel should be appointed include the factual and legal complexity of the case, the petitioner's ability to investigate facts and present claims, the extent of factual disagreement between the parties, the arguable meritoriousness of the petition, the presence or absence of facial defects, such as nonexhaustion of state remedies, or the probable need for an evidentiary hearing. See Beasley v. Holland, 649 F.Supp. 561 (S.D.W.Va. 1986), appeal dismissed 841 F.2d 1122 (4th Cir. 1988), cert. denied 488 U.S. 860 (1988); Watson v. United States, 1997 U.S. Dist. LEXIS 15604 (D. Pa., 1997) (citing Reese v. Fulcomer, 946 F.2d 247 at 263-64 (3rd Cir. 1991).

The Third Circuit, in a civil rights case involving a pro se plaintiff proceeding in forma pauperis pursuant to 28 U.S. C. §1915(d)[1],Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), identified standards to be considered by the district courts in exercising their discretion whether to "appoint"[2] counsel. This Court has not found case law indicating that these standards may not also be utilized in

---

[1]Since that decision, the statute has been amended and the appointment of counsel language is found at subsection (e).

2. 28 U.S.C. § 1915(d) does not authorize the court to "appoint" counsel; it authorizes the court to "request" an attorney to represent a litigant unable to employ counsel. See Mallard v. United States District Court, 490 U.S. 296 (1989).

determining whether counsel should be appointed in a habeas corpus action. Under

Tabron, the court must first consider the merits of the plaintiff's claim. It should not

appoint counsel unless it appears that the claim has some merit in fact and law.

Tabron, 6 F.3d at 155. Other factors include the plaintiff's ability to present his or her

case; the plaintiff's education, literacy, prior work experience, prior litigation experience,

ability to understand English; restraints placed upon him or her by confinement; whether

the claim is truly substantial; the difficulty or complexity of the legal issues; the degree

to which factual investigation will be required and the ability of the indigent plaintiff to

pursue such investigation; the extent to which prisoners and others suffering

confinement may face problems in pursuing their claims; whether the claims are likely

to require extensive discovery and compliance with complex discovery rules; whether

the case is likely to turn on credibility determinations; whether the case will require

testimony from expert witnesses; and whether an indigent plaintiff could retain counsel

on his or her own behalf.

The court recognized that there are significant practical restraints on the
district court's ability to "appoint" counsel:

> the ever-growing number of prisoner civil rights actions filed
> each year in the federal courts; the lack of funding to pay
> appointed counsel; and the limited supply of competent
> lawyers who are willing to undertake such representation
> without compensation.

6 F.3d at 157. The same could be said for petitions for habeas corpus.

The Tabron court recognized that there are many cases in which district courts

seek to appoint counsel but there is simply none willing to accept appointment. Id. at

157, n.7. The court also recognized that volunteer lawyer time is extremely valuable

and district courts should not request counsel under § 1915(d) indiscriminately. Id. at

157.  Finally, the court emphasized that "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

The allegations in the present case are fairly straightforward. There is certain to be an underlying state court record, which will enable the Court to fully review the case.

The Court receives numerous Petitions for Habeas Corpus filed by pro se litigants, many of whom request counsel. Unfortunately, as stated above, few lawyers are willing and capable of taking these cases on a pro bono basis. Therefore, unless the Court concludes that an evidentiary hearing is necessary in this case, and given the shortage of lawyers qualified and willing to represent petitioners in habeas corpus cases on a pro bono basis, Petitioner's request for counsel will be denied.

Accordingly, the following order is entered:

AND NOW, this 27th day of July, 2011;

Upon consideration of the Petitioner's motion for the appointment of counsel (ECF No. 11), **IT IS HEREBY ORDERED** that the motion is **DENIED**. The Motion For Reduced Pagination is also **DENIED** without prejudice to refile with more specificity.

_____
Lisa Pupo Lenihan
Chief U.S. Magistrate Judge

cc:  **GARY PAVLIC**
Green Rock Correctional Center
PO Box 1000
Chatham, VA 24531