# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY PAVLIC, | ) |
| | ) Civil Action No. 11 – 672 |
| Petitioner, | ) |
| | ) District Judge Terrence F. McVerry |
| v. | ) Chief Magistrate Judge Lisa Pup Lenihan |
| | ) |
| DISTRICT ATTORNEY OF WASHINGTON COUNTY, PENNSYLVANIA and ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a Certificate of Appealability be denied.

**II.    REPORT**

Gary Pavlic ("Petitioner") has petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Washington County on June 28, 2001.

It appears to the undersigned that all of Petitioner's claims are subject to dismissal under AEDPA's one-year statute of limitations, which is codified at 28 U.S.C. § 2244(d). However,

1

the attorney from the Washington County District Attorney's Office who submitted the Answer in this case erred in calculating the limitations period. He incorrectly stated that Petitioner's claims were timely because Petitioner filed his habeas petition within one year of the conclusion of his most recent motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. That is not the correct analysis. The Court is not bound by counsel's computation error and may raise the issue *sua sponte* as long as Petitioner is given fair notice and an opportunity to respond and is not prejudiced. Day v. McDonough, 547 U.S. 198, 205-10 (2006); United States v. Bendolph, 409 F.3d 155, 161-70 (3d Cir. 2005) (en banc). *See also* Wood v. Milyard, 132 S. Ct. 1826, 1834 (2012). This Report and Recommendation gives him the required notice. Petitioner will have the opportunity to set forth his position regarding the statute of limitations in his objections to this Report and Recommendation, should he desire to file such objections. In particular, he must show cause why his claims should not be dismissed for failure to meet the statutory deadline.

### A. Relevant Background

The facts of the case were summarized by the trial court as follows:

The victim, [B.C.], age nineteen (19), testified that she lived with [Petitioner] since she was age four (4), when her mother, Kim Pavlic, married [Petitioner]. Soon thereafter, physical discipline at the hands of [Petitioner] began to frequently occur. As [B.C.] got older, the physical discipline increased and escalated into abuse and beatings that occurred several times per week for years . . . . According to [B.C.], [Petitioner] used his hands and fists, a board, a tree limb, a vacuum cleaner hose, a paint mixer and a paddle to inflict the physical abuse.

[B.C.] testified that [Petitioner] began to sexually abuse her when she was eight or nine years old. She recalled the first time when [Petitioner] came into [B.C.]'s bedroom, lay down on the bed, took off his pants and began masturbating. [Petitioner] then asked [B.C.] to come over, took her hand, placed it on [Petitioner's] penis and made her masturbate him. While having [B.C.] masturbate him, [Petitioner] described when (sic) he was making her do, telling her it was sex and that it made him feel good. For the next few years, the sexual

abuse occurred several times per week. [Petitioner] would masturbate in front of [B.C.] sometimes while watching pornographic videos, would have [B.C.] masturbate him and would fondle and touch her genital area. [Petitioner] tried to force [B.C.] to perform oral sex on him. [Petitioner] pushed her head down towards his penis, but she turned her mouth away. This caused [Petitioner] to become angry, and he hit her in the head with his hand. She repeatedly asked him to stop but he would not, saying he wanted her to know what it's like to feel good. Each time [Petitioner] had sexual contact with [B.C.], he did so when no adult was home and the other children were in their room. Shortly after her mother left, when [B.C.] was thirteen years old, [Petitioner] forced [B.C.] to submit to sexual intercourse with him. Although [B.C.] screamed in pain, struggled and begged [Petitioner] to stop, he continued to have sex with her for about a minute. He was angered by her struggles. [Petitioner] engaged in sexual intercourse with [B.C.] a few more times, and [B.C.] begged him to stop each time.

ECF No. 14 at 2-3.

Following a jury trial from April 26-27, 1999, Petitioner was convicted of two counts of rape, statutory sexual assault, criminal attempt to commit involuntary deviate sexual intercourse, indecent assault, simple assault, two counts of aggravated assault and endangering the welfare of a child. However, on direct appeal, the Pennsylvania Superior Court vacated the order of sentence and remanded the case for a new trial. Petitioner was re-tried, and after a three-day jury trial from March 26-28, 2001, he was found guilty of the same offenses. The court held a sentencing hearing on June 28, 2001, at which time Petitioner was declared a sexually violent predator pursuant to 42 Pa.C.S.A. § 9791 *et seq* and sentenced to an aggregated term of 11 to 22 years incarceration. The court ordered his sentence to run consecutive to a sentence he was already serving. ECF No. 14 at 2.

Petitioner did not immediately appeal but later filed a petition to appeal *nunc pro tunc*, which was granted, and he thereafter filed his direct appeal on August 26, 2002. On February 20, 2004, the Pennsylvania Superior Court affirmed the judgment of sentence. *See* Commonwealth v. Pavlic, No. 1521 WDA 2002, 1520 WDA 2002, 849 A.2d 608 (Pa. Super. Ct.

Feb. 20, 2004). Petitioner's Petition for Allowance of Appeal ("PAA") to the Pennsylvania Supreme Court was denied on August 6, 2004, and he did not seek certiorari in the United States Supreme Court. *See* Commonwealth v. Pavlic, No. 159 WAL 2004, 160 WAL 2004 (Pa. Aug. 6, 2004). Thus, Petitioner's judgment of sentence became final on November 4, 2004, after the ninety-day period to petition for certiorari expired. Gonzalez v. Thaler, 132 S. Ct. 641, 653-56 (2012); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On August 10, 2005, which was approximately 278 days after the date his judgment of sentence became final, Petitioner filed a timely PCRA motion. On July 30, 2009, the PCRA court denied the petition without a hearing and Petitioner appealed to the Superior Court. *See* ECF No. 6-3 at 13-17; No. 14 at 22.

On July 7, 2010, the Superior Court issued a Memorandum in which it affirmed the PCRA court's decision to deny relief. *See* ECF No. No. 6-3 at 1-4; ECF No. 14 at 15-18. *See also* Commonwealth v. Pavlic, No. 1535 WDA2009 (Pa. Super. Ct. July 7, 2010). Petitioner's PAA was denied by the Pennsylvania Supreme Court on January 24, 2011. *See* ECF No. 6-2. *See also* Commonwealth v. Pavlic, No. 445 WAL 2010 (Pa. Jan. 24, 2011). Accordingly, his first PCRA proceedings concluded on this day.[1]

On May 11, 2011, which was approximately 106 days after the conclusion of his first PCRA proceedings, Petitioner initiated the instant habeas corpus proceeding here.[2] ECF No. 1.

---

[1] *See* FN 4, *infra*.

[2] On this day, Petitioner submitted for filing a letter to the Clerk stating that he was separated from his legal papers and could not submit a proper habeas petition. Out of an abundance of caution, the Clerk construed the letter as a petition for writ of habeas corpus and opened this case. However, shortly thereafter, this Court instructed the Clerk to mark this case closed for Petitioner's failure to pay the filing fee or submit a motion for leave to proceed *in forma paupers*. On or about June 17, 2011, Petitioner moved to proceed *in forma pauperis*, and that request was granted

An Answer to the petition was filed on August 3, 2011, ECF No. 14, and upon leave of Court, Petitioner filed three supplements to his petition in March, 2013, ECF Nos. 22-24.

**B. Discussion**

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

on June 27, 2011. Consequently, the case was reopened and Petitioner's habeas petition was docketed on June 27, 2011.

Despite Petitioner's failure to submit, along with his letter to the Clerk, the filing fee or a proper motion for leave to proceed *in forma pauperis*, the undersigned will give Petitioner the benefit of the doubt and use May 11, 2011, the date he signed his letter to the Clerk, as the filing date for this case. *See* Howard v. Masteron, No. 06-5632, 2009 U.S. Dist. LEXIS 119922, 2009 WL 5184476, at *1 n.2 (pursuant to the prison mailbox rule, considering *pro se* documents filed on the date they are signed where there is no clear record of delivery to prison officials) (citing Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Houston v. Lack, 487 U.S. 266 (1988)). *See also* Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998) (holding that, in the absence of proof of the date the Petitioner puts the petition in the prison mail, such as a mail log, the court would deem the petition filed as of the date written on the petitioner's certification page). *But see* Richardson v. Diagnostic Rehabilitation Ctr., 836 F. Supp. 252 (E.D. Pa. 1993) (filing a petition *in forma pauperis* with an accompanying complaint commences an action against the named defendants, even though it is not filed with the clerk of court unless the court grants plaintiff's petition; the period of limitations is tolled while the court considers a petition for *in forma pauperis* but restarts if the court denies the petition). Here, the petition is still untimely even when using May 11, 2011 as the filing date. Therefore, the undersigned expresses no opinion as to whether the filing date should actually be June 1, 2011, the date Petitioner signed his motion for leave to proceed *in forma pauperis*.

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The vast majority of habeas cases fall within § 2244(d)(1)(A), with AEDPA's limitation period commencing for all claims on the date the state prisoner's judgment of sentence became final by the conclusion of direct review.[3] As set forth above, Petitioner's judgment of sentence became final on November 4, 2004. Therefore, AEDPA's limitation period began to run on that date. Swartz, 204 F.3d at 419. He filed his first PCRA motion 278 days later, on August 10, 2005. In accordance with § 2244(d)(2), that first PCRA motion statutorily tolled AEDPA's limitations period beginning on August 10, 2005.

Petitioner's first PCRA proceedings concluded on January 24, 2011, which is the date upon which the Pennsylvania Supreme Court denied his PAA.[4] AEDPA's limitations period began to run again the next day, on January 25, 2011, and ran for 106 days before Petitioner initiated the instant habeas corpus proceedings in this Court on May 11, 2011. Accordingly, 384

---

[3] The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005).

[4] The undersigned notes that Petitioner filed an Application for Leave to File Reconsideration *Nunc Pro Tunc* approximately 36 days after the Pennsylvania Supreme Court denied his PAA, and that Application was denied on March 23, 2011. However, the time this Application was pending in the Pennsylvania Supreme Court did not toll any portion of AEDPA's one-year limitations period because it was untimely and thus not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). *See* Pa. R.A.P. 1123(b) ("An application for reconsideration of denial of a petition for allowance of appeal shall be filed . . . within fourteen days after entry of the order denying the petition for allowance of appeal."). *See also* Gilbert v. Wolfe, No. 03-5807, 2004 U.S. Dist. LEXIS 31984, at *6-7 (E.D. Pa. Apr. 28, 2004) (citing Douglas v. Horn, 359 F.3d 257 (3d Cir. 2004)); *Cf.* Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80 (3d Cir. 2013) (distinguishing a motion to extend the time to file a petition for allowance of appeal from a petition for allowance of appeal *nunc pro tunc* when considering whether a motion to extend time was "properly filed" under § 2244(d), thereby statutorily tolling the limitation period during its pendency).

days elapsed before he filed his federal habeas petition, which is 19 days past the one-year deadline.

Thus, based upon all the foregoing, it appears to the undersigned that all of Petitioner's claims are untimely. Unless he can demonstrate in his objections to this Report and Recommendation that AEDPA's limitation period commenced for any of his claims on a date set forth in § 2244(d)(1)(B)-(D) and/or that equitable tolling applies during the relevant time period, this Court should dismiss the petition.

### C. Certificate of Appealability

A certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that his habeas petition was untimely filed. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a Certificate of Appealability be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the

date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: October 17, 2013.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Gary Pavlic
    DV 2415
    SCI Smithfield
    1120 Pike Street
    Huntingdon, PA  16652
    *Via First Class Postal Mail*

    Counsel of record
    *Via ECF Electronic Mail*