# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY PAVLIC, | ) |
|     Petitioner, | ) Civil Action No. 11 – 672 |
| v. | ) District Judge Terrence F. McVerry |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| DISTRICT ATTORNEY OF WASHINGTON COUNTY, PENNSYLVANIA and ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) |
|     Respondents. | ) |

## MEMORANDUM ORDER

Pending before the Court is the petition for writ of habeas corpus filed by Gary Pavlic ("Petitioner") pursuant to 28 U.S.C. § 2254. ECF No. 6. The magistrate judge issued her Report and Recommendation on October 17, 2013. ECF No. 27. Upon evaluation, she found that Petitioner filed his petition 19 days after AEDPA's one-year statute of limitations period expired, and, therefore, she recommended that the petition be dismissed as time-barred. Id. Because the timeliness issue was raised *sua sponte* by the magistrate judge in her Report, through his objections, Petitioner was allowed the opportunity to demonstrate whether any of his claims were timely for reasons not readily apparent in his petition. See id. at p.2. Petitioner filed timely objections to the Report and Recommendation, raising a number of arguments in support of the timeliness of his petition. ECF No. 28. Because the Court finds that Petitioner's reasons do not

1

support a reasonable basis for equitable tolling,[1] and he has not demonstrated actual innocence or a related miscarriage of justice that would allow him to pass through a gateway to have his otherwise barred claims considered on the merits, his petition will be dismissed as time-barred. Therefore, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the objections thereto, the following order is entered.

**AND NOW**, this 15th day of November, 2013,

---

[1] Put succinctly, a habeas petitioner, seeking to invoke the doctrine of equitable tolling, must establish two things: (1) the existence of "extraordinary circumstances" which prevented him from filing in a timely manner and (2) that he acted with reasonable diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."), *reh'g and suggestion for reh'g en banc denied*, 207 F.3d 666 (11th Cir. 2000). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) ("Equitable tolling is appropriate . . . such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims.").

Petitioner does not describe any situation which would warrant the application of equitable tolling in this case. *See, e.g.*, Polk v. Cain, No. Civ. A. 00-3026, 2001 U.S. Dist. LEXIS 9169, 2001 WL 736755, at *9 (E.D. La. June 28, 2001) ("A person seeking the tolling of the statute of limitations period has the burden of showing circumstances exist that justify tolling."); Balagula v. United States, 73 F. Supp. 2d 287, 291 (E.D. N.Y. 1999) ("The burden lays with the petitioner to establish upon the petitioner to show that equitable tolling is warranted."). Notably, he does not argue for equitable tolling for any specific period of time. Instead, his objections focus on the conditions of his confinement during, what appears to be, the last fifteen years of his incarceration, and he argues that the Department of Corrections ("DOC") created impediments that prohibited him from filing a timely habeas petition. Specifically, he describes numerous incidents involving, *inter alia*, rushed prison transfers, chaotic cell searches, lost paperwork, unfriendly guards and cellmates, participation in "programming", periods of confinement in the Segregated Housing Unit ("SHU") for receiving fraudulent misconducts, vandalized typewriters, inmate attacks, disorganized paperwork, a $500 debt to the DOC, discontinuance of idle pay, and having to work jobs for which he was not medically cleared and which have caused him to oversleep and miss morning count. He also describes in detail his medical condition, Arterial-Venous Malformation ("A-VM"), which presumably makes him more susceptible to strokes and prohibits him from performing certain activities. Finally, he argues that the nature of his crimes alone warrant "special consideration".

Petitioner has not carried his burden to show entitlement to equitable tolling. The situations he describes are not the type of "extraordinary circumstances" which would warrant tolling of any portion of the one-year statute of limitations. Rather they are the conditions commonly faced by incarcerated inmates on a daily basis. Although described in great detail, Petitioner has not shown how any one of these situations, alone or even together, affected his ability to file a timely petition. Moreover, because he does not provide dates as to when most of these events occurred, there is no way to tell which of these situations, if any, occurred during the relevant time period at issue in this case. Furthermore, Petitioner has not demonstrated that he acted diligently in pursuing his rights.

2

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 6) is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation dated October 17, 2013 (ECF No. 27) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

s/Terrence F. McVerry
United States District Judge

cc: Gary Pavlic
   DV2415
   SCI Smithfield
   1120 Pike Street
   Huntingdon, PA 16652
   (*Via First Class Mail*)

   Counsel of Record
   (*Via ECF Electronic Mail*)