IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY PAVLIC, | ) |
|           Petitioner, | ) Civil Action No. 11 – 672 |
| v. | ) District Judge Terrence F. McVerry |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| DISTRICT ATTORNEY OF WASHINGTON COUNTY, PENNSYLVANIA and ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | ) ECF Nos. 40, 41, 42 |
|           Respondents. | ) |

## MEMORANDUM ORDER

Pending before the Court are a Motion for Abeyance (ECF No. 40) and two Motions for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF Nos. 41, 42) that were filed by Petitioner, Gary Pavlic, on November, 18 2014. Petitioner seeks relief from this Court's Order dated November 15, 2013 (over a year earlier), which dismissed his Petition for Writ of Habeas Corpus as untimely and denied Petitioner a certificate of appealability. It is noted that the Third Circuit Court of Appeals also denied Petitioner a certificate of appealability on April 4, 2014. Defendants did not file responses to the motions; nor are they necessary.

Federal Rule of Civil Procedure 60(b)(6) is the "catch-all" provision of Rule 60(b) and provides that a party shall be entitled to relief from a judgment for "any other reason justifying relief". Fed.R.Civ.P. 60(b)(6). However, that provision is only available where the movant demonstrates "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted); *Jackson v. Danberg*, 656 F.3d 157, 165 (3d Cir. 2011). In the case *sub*

*judice*, Petitioner has not presented any meritorious arguments, and certainly has not shown the kind of "extraordinary circumstances" necessary to warrant relief from this Court's 2013 Order dismissing his habeas petition as untimely.

The arguments Petitioner makes in his Motions for Relief from Judgment are largely incoherent. As best the Court can tell, he asks that this matter be reopened and that the Court reconsider the timeliness of his petition. In support, he cites to his numerous physical and mental ailments, legal confusion, prison transfers and all-around general government misconduct. Most, if not all, of these arguments were made in his Objections to the Magistrate Judge's Report and Recommendation, which this Court has already considered and deemed unwarranted of any sort of equitable tolling. Petitioner also appears to argue that he should be entitled to statutory and/or equitable tolling for the time his "Application for Leave to File Reconsideration Nunc Pro Tunc" was pending in the Pennsylvania Supreme Court. However, this argument was specifically rejected by the Third Circuit on appeal. To the extent he argues that the aforementioned Application was in fact timely filed, or argues that any other state court filing was timely filed, that is not a matter for this Court to decide. Once a state court determines that a filing is untimely, then that document is considered not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and cannot serve to toll any portion of AEDPA's one-year limitations period. In sum, Petitioner has not demonstrated entitlement to the relief he seeks. Accordingly,

**IT IS HEREBY ORDERED** this 20th day of February, 2015, that Petitioner's Motions for Relief from Judgment (ECF Nos. 41, 42) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Abeyance (ECF No. 40) is **DISMISSED AS MOOT** as he merely asks that the aforementioned Motions be deemed timely submitted due to a delay in mailing.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

    s/ Terrence F. McVerry
Terrence F. McVerry
United States District Judge

cc: Counsel of record (via CM/ECF)

**GARY PAVLIC**
DV 2415
SCI Smithfield
1120 Pike Street
Huntingdon, PA 16652
Via US Mail